GEORGE W. HARDISON, EMPLOYEE, v. W. H. HAMPTON AND SON, EM-
PLOYER, AND EMPLOYERS' LIABILITY ASSURANCE CORPORATION,
LIMITED, OF LONDON, ENGLAND, CARRIER.

(Filed 21 September, 1932.)

**Master and Servant F c—Where employer files claim within statutory
time the claim will not be barred under sec. 8081(ff).**

There is no provision in the North Carolina Workmen's Compensation
Act requiring an injured employee to file a claim for compensation with
the Industrial Commission, but he is required to notify his employer
only, and the employer is required by the statute to report the accident
and claim to the Commission, which is sufficient under the statute and
gives the Commission jurisdiction, and the Commission must approve a
settlement between the parties or, if no agreement is reached, must pass
upon the claim in a hearing before it, and where the claim has been
thus reported by the employer to the Commission on the form provided
by it and within the statutory time, the employee's right to compensa-
tion is not barred although more than one year elapses from the date
of the accident to the date a hearing is requested by the employee upon
disagreement of the parties.

APPEAL by defendants from *Frizzelle, J.,* at April Term, 1932, of
WASHINGTON. Affirmed.

On 27 March, 1930, George W. Hardison was an employee of W. H.
Hampton and Son. Both the employee and the employer were residents
of the town of Plymouth, Washington County, North Carolina, and were
subject to the provisions of the North Carolina Workmen's Compensa-
tion Act. The Employers' Liability Assurance Corporation, Limited, of
London, England, was the insurance carrier of the employer. On said
day, George W. Hardison was injured by an accident which arose out
of and in the course of his employment. The injury resulted in a
hernia, and upon the facts found by the North Carolina Industrial
Commission was compensable under the provisions of the North Caro-
lina Workmen's Compensation Act.

At the hearing before the Commission it was contended on behalf
of the employer and the insurance carrier that the employee's right to
compensation for his injury was forever barred for the reason that no
claim for compensation was filed with the Commission within one year
from the date of the accident. N. C. Code of 1931, 8081(ff), sec. 24,
chap. 120, Public Laws 1929.

The employee was injured on 27 March, 1930. He gave notice in
writing to his employer of the accident and resulting injury on 28
March, 1930. He advised his employer in said notice that at its date he
did not consider his injury serious, but was advised that the injury might

terminate in a permanent rupture. This notice was in compliance with section 22, chapter 120, Public Laws 1929. On 25 August, 1930, the employer advised the carrier of the claim of the employee for compensation, and thereafter at the request of the carrier reported the accident and claim for compensation to the North Carolina Industrial Commission on form No. 19, as prescribed by the Commission. This report was acknowledged by the Commission and filed on 9 September, 1930. Negotiations were entered into by and between the carrier and the employee for a settlement of the claim, and on 12 November, 1930, in response to a letter received by it from the Commission, the carrier informed the Commission that no settlement had been agreed upon, and advised the Commission that in view of the attitude of the employee, and of the information which it had of the matter, it saw nothing to do but to have a hearing in order that the Commission might decide what compensation the employee was entitled to. No hearing was ordered by the Commission, until a request was made by the employee. More than a year elapsed from the date of the accident to the date of the request of the employee for a hearing.

At the hearing, the Commission was of the opinion that the right of the employee to compensation for his injury was not barred, and thereupon made an award of compensation to the employee. From this award the employer and the carrier appealed to the judge of the Superior Court of Washington County. At the hearing of this appeal, the award of the Commission was approved and affirmed, and the employer and the carrier appealed to the Supreme Court.

*Ruark & Ruark and Zeb Vance Norman for employee.*
*Albion Dunn for employer and carrier.*

CONNOR, J. There is no provision in the North Carolina Workmen's Compensation Act requiring an injured employee to file a claim for compensation for his injury with the North Carolina Industrial Commission. The injured employee is required by section 22 of the act to give notice to his employer of the accident which resulted in his injury. Thereafter, the employer is required to report the accident and claim of the employee for compensation to the Commission on form 19, as prescribed by the Commission. No settlement of the claim can be made by the employer and the employee without the approval of the Commission. Section 18. If they fail to reach an agreement in regard to the compensation to which the injured employee is entitled, then either party may make application to the Commission for a hearing in regard to the matters at issue, and for a ruling thereon. Section 57. When the em-

ployer has filed with the Commission a report of the accident and claim of the injured employee, the Commission has jurisdiction of the matter, and the claim is filed with the Commission within the meaning of section 24.

In the instant case, the claim of the injured employee was filed with the Industrial Commission within one year after the accident, and for that reason the employee was not barred of his right to compensation. There is no error in the judgment. It is

Affirmed.