JIMMIE WADE CRAWFORD, ADMINISTRATOR OF JERRY CRAWFORD ESTATE, PLAINTIFF AND B. L. PRESSLEY, ADDITIONAL PARTY-PLAINTIFF V. GENERAL INSURANCE AND REALTY COMPANY AND HOMER HOBBS, DEFENDANTS.

(Filed 2 March, 1966.)

**Master and Servant § 78;    Insurance § 8—**

An action against insurance agents for breach of their agreement with an employer to procure compensation coverage for an employee may be maintained only by those who would have been entitled to payments had the policy been issued, and when it appears that the employee died as the result of injury received during the employment, and that the employee left a widow him surviving, such action may be maintained only by the widow, and an action instituted by the employee's administrator and the employer, who advanced the insurance premium, must be dismissed.

MOORE, J., not sitting.

APPEAL by plaintiffs Crawford and Pressley from *Campbell, J.,* August Term 1965 of HENDERSON.

This action was begun in the General County Court of Henderson County by plaintiff Crawford against named defendants by summons dated March 13, 1964. A complaint was filed when the summons issued. Thereafter, plaintiff obtained an order making B. L. Pressley an additional party. Permission was also granted plaintiff to file an amended complaint.

Pressley voluntarily made himself a party plaintiff. He asked that plaintiff have relief in accordance with the prayer of his complaint.

Defendants demurred to the complaint for failure to state a cause of action and for want of jurisdiction. The demurrer was overruled in the County Court. Defendants appealed to the Superior Court. There the demurrer was sustained. Plaintiffs excepted and appealed.

*Paul K. Barnwell and Redden, Redden & Redden for plaintiff.*
*Prince, Jackson, Youngblood and Massagee for additional plaintiff.*
*Uzzell & DuMont for defendants.*

RODMAN, E.J.  Plaintiffs in their brief filed here contend they have alleged these ultimate facts: Jerry Crawford was on and prior to November 20, 1963, employed by B. L. Pressley. The employee was on that date killed "by accident arising out of and in the course of his employment." Plaintiff was serving as administrator

of the employee's estate by appointment by the Superior Court of Henderson County. Deceased "is survived, among others, by his wife, who is sickly and unable to earn a living for herself." Deceased employee had prior to his death an average weekly wage of $45. ". . . Jerry Crawford, and B. L. Pressley, as part of their contract of employment and for the protection of both, contracted and agreed that Mr. B. L. Pressley would obtain a contract of insurance or insurance policy which would comply with the North Carolina Workmen's Compensation Laws or Act, Chapter 97 of the General Statutes of North Carolina, and both contracted and agreed that each would accept the benefits, limitations, advantages and disadvantages provided by the said North Carolina Compensation Act, and both had agreed that the contract of insurance, for their protection, would contain the same protection and limitations as a contract of insurance required by the North Carolina Workmen's Compensation Act." Defendants, partners, are insurance agents or brokers selling workmen's compensation insurance; they contracted in June 1963 to procure for B. L. Pressley a policy of insurance "which would meet all the requirements as to liability and benefits as required by the North Carolina Compensation Act, Chapter 97 of the General Statutes of North Carolina." As consideration for defendants' contract to procure the insurance, Pressley paid defendants the sum of $587. Notwithstanding their contract, defendants failed to procure the insurance. If defendants had complied with their contract and procured compensation insurance, plaintiff Crawford would be entitled to an award of $9450, plus $400 for funeral expenses. He prays for the recovery of these sums.

B. L. Pressley, as an additional party plaintiff, filed in the General County Court a writing stating that he adopted plaintiff's complaint "as his Complaint in this action as fully as if the same were copied and fully set forth herein, and asks for the same relief as in said Complaint set forth, except that the amount paid for workmen's compensation insurance was approximately $181.60."

There is no express allegation in the complaint that Pressley had less than five employees, and because he employed less than five our Compensation Act was not applicable to his employees.

The defendants demurred for failure to state a cause of action, for that (1) it affirmatively appeared there was no privity between plaintiff and defendants and defendants would not be obligated in any way whatsoever to the plaintiff or plaintiff's intestate, and (2) that plaintiff's intestate and B. L. Pressley were subject to and bound by the provisions of the North Carolina Workmen's Compensation Act, and that any liability of the said Pressley has to date not been determined under the provisions of such act.

Plaintiff contends that the burden rests on defendant in actions in courts of law for compensation for injuries to employees to show that the jurisdiction which the courts would otherwise exercise has been ousted because the parties are subject to the provisions of the Workmen's Compensation Act; and absent an allegation that the employer had more than five employees, or has in fact procured compensation insurance as provided by G.S. 97-13(b), courts of law may proceed to determine the rights of the parties. *King v. Bringardner,* 65 S.W. 2d 673; *Consolidated Underwriters v. King,* 325 S.W. 2d 127; *Carter v. Associated Petroleum Carriers,* 110 S.E. 2d 8; Workmen's Compensation, 99 C.J.S., § 122. Since the beneficiary of a contract may maintain an action for the breach thereof, *Potter v. Water Co.,* 253 N.C. 112, 116 S.E. 2d 374, *Trust Co. v. Processing Co.,* 242 N.C. 370, 88 S.E. 2d 233, the court erred in sustaining the demurrer.

Conceding without deciding the soundness of the legal principles asserted for a reversal, it nevertheless appears on the face of the complaint that neither the plaintiff Crawford as administrator nor the additional party plaintiff Pressley has stated a cause of action. This is true because it affirmatively appears from the allegations of the complaint that neither is entitled to recover. Pressley asks for no recovery in his own right, he merely asks that plaintiff Crawford as administrator recover in accordance with the prayer of his complaint.

Our compensation statute fixes the sums which an employee is entitled to because of injuries sustained in the course and scope of his employment. If the employee die, those persons wholly dependent for support on the deceased employee are entitled to compensation to the exclusion of all other persons. G.S. 97-38(1). A widow is conclusively presumed to be wholly dependent upon the support of the employee. G.S. 97-39. Plaintiff specifically alleges that the deceased employee is survived by his widow "who is sickly and unable to earn a living for herself." Under the facts alleged the administrator would not be entitled to maintain a claim for compensation before the Industrial Commission, if the insurance policy had issued. He can not maintain an action at law for breach of a contract in which he has no beneficial interest. The sole beneficiaries of the contract alleged are those wholly dependent on the deceased employee.

Stacy, C.J., said in *Hunt v. State,* 201 N.C. 37, 158 S.E. 703: "When a statute names a person to receive funds and authorizes him to sue therefor, no one but the person so designated has the right to litigate the matter." This is of course another way of say-

ing that actions can only be maintained by the real party in interest. G.S. 1-57.

We are not called upon to decide whether an action at law could have been maintained by the widow of the deceased employee, or whether her sole remedy would be the filing of a claim with the Industrial Commission.

Affirmed.

MOORE, J., not sitting.