HALLIE SMITH, MOTHER; EDWARD SMITH, FATHER; JERRY SMITH, DECEASED EMPLOYEE, PLAINTIFFS v. ALLIED EXTERMINATORS, INC., EMPLOYER AND BITUMINOUS CASUALTY CORPORATION, CARRIER, DEFENDANTS

No. 7114IC109

(Filed 28 April 1971)

1. Master and Servant § 91— workmen's compensation — failure to file claim — cause commenced by insurance carrier

Father was not barred by G.S. 97-24(a) from participation in a workmen's compensation award for the death of his son by his failure to file a claim within one year from the time of the accident, where the cause was commenced by application of the insurance carrier for a hearing pursuant to G.S. 97-83.

2. Master and Servant § 79— workmen's compensation — abandonment of child — right to participate in award for child's death

Provision of G.S. 31A-2 barring a parent who has abandoned his child from all right to intestate succession in the child's estate does not prohibit a father who abandoned his son during the son's minority from recovering workmen's compensation benefits for death of the son.

3. Master and Servant § 79— parent who abandoned employee during minority — right to share in compensation award

In absence of statute, a parent who abandoned his child during its minority will not be barred from participating in a workmen's compensation award for death of the child.

Judge BROCK dissenting.

APPEAL by defendants from North Carolina Industrial Commission Opinion and Award of 14 September 1970.

This proceeding under the North Carolina Workmen's Compensation Act, G.S. 97-1, *et seq.*, was begun by Bituminous Casualty Corporation, carrier, when it filed application for hearing on 24 October 1969 pursuant to G.S. 97-83. Jerry Smith is

the deceased employee, and Allied Exterminators, Inc., is the employer. Hallie Smith and Edward Smith, the deceased's mother and father are the next of kin of the deceased.

The cause was initially heard before former Commissioner William F. Marshall, Jr. at Durham. Commissioner Marshall filed an opinion and award on 31 March 1970 at which time defendants gave notice of appeal to the Full Commission. The Full Commission filed an Opinion and Award on 14 September 1970, finding the following facts, among others. The employee had never married, had no children, and had no dependents, whole or partial. He was survived by his mother, father, and two brothers. The father and mother of the deceased had been separated approximately twelve years prior to the date of the hearing, and the father had not supported any of the children for a period of time in excess of eleven years. The father had wilfully abandoned the care and maintenance of the deceased employee during his minority. Included in the Opinion and Award of the Full Commission were stipulations that an employment relationship existed between the deceased employee and the employer at the time of the injury by accident arising out of and in the course of his employment. The parties also stipulated that they were subject to and bound by the provisions of the Workmen's Compensation Act, and that the only question for determination was to whom compensation should be paid. The Opinion and Award contained the following conclusions of law, among others:

1. The father of the deceased having wilfully abandoned the care and maintenance of deceased during his minority has lost all right to intestate succession in any part of deceased's estate. G.S. 31A-2.

2. Father not having filed a claim with the North Carolina Industrial Commission within one year from the date of the death of the deceased and, in fact, not having filed a claim as of the date of the filing of this Opinion is barred forever from filing a claim in the instant case. G.S. 97-24A.

3. Deceased was survived by neither whole nor partial dependents. Deceased was survived by his mother as his 'next of kin' whose rights are governed by the general law applicable to the distribution of personal estates of persons

dying intestate. In such capacity mother is entitled to compensation. . . .

From the Opinion and Award, defendants appeal.

*Powe, Porter and Alphin by Willis P. Whichard for plaintiff appellees.*

*Walter L. Horton, Jr., for defendant appellants.*

VAUGHN, Judge.

Appellants' position on this appeal is that the mother of the deceased should have received no more than one-half the amount which she did receive. Appellant arrives at that conclusion by the following reasoning. G.S. 97-40 provides that if the deceased leaves no whole or partial dependents, then the compensation is to be commuted to its present value and paid to the next of kin, and the order of priority among the next of kin "shall be governed by the general law applicable to the distribution of the personal estate of persons dying intestate." The applicable provision of the intestate succession act is G.S. 29-15(3), which provides that where a deceased is survived by both parents, and not by a child, children or any lineal descendant of a deceased child or children, the parents take in equal shares. Appellants contend that the rights of the father were properly before the Full Commission, and that they have been adjudicated. They further contend that the father's rights were not barred by G.S. 97-24(a), but that the father's rights are barred by the common law maxim that no man can profit by his own wrong. Appellants contend that since the mother and father take equal shares, and since the father's right to his share of the award is barred, the mother should receive only her equal share, which would amount to one-half of the award given her by the Full Commission.

[1] Appellants contend that the Full Commission erred in concluding that G.S. 97-24(a) bars recovery by the father because he did not file a claim within one year from the time of the accident, and that the Commission had jurisdiction to determine the rights of both father and mother. The record on appeal discloses that "[j]urisdiction in the North Carolina Industrial Commission arises and this cause therein commenced by application of Bituminous Casualty Corporation, Carrier, for a hearing in the Industrial Commission pursuant to the provisions of

G.S. 97-83. . . ." In *Hardison v. Hampton,* 203 N.C. 187, 165 S.E. 355, an accident report and the employee's claim for compensation were filed by the employer in proper time. No hearing was held by the Commission until after a claim was filed by the employee, more than one year after the date of the accident. The Court affirmed an award, saying:

> "There is no provision in the North Carolina Workmen's Compensation Act requiring an injured employee to file a claim for compensation for his injury with the North Carolina Industrial Commission . . . When the employer has filed with the Commission a report of the accident and claim of the injured employee, the Commission has jurisdiction of the matter, and the claim is filed with the Commission within the meaning of section 24."

Although the Supreme Court has distinguished *Hardison* on several occasions, we believe that the point quoted above remains the rule. When the Commissioner held a hearing pursuant to the carrier's request, it had jurisdiction to determine the rights of the father, and as designated in its notice of hearing, "all matters involved." It was, therefore, error for the Full Commission to conclude that G.S. 97-24(a) bars the rights of the father.

[2] We now consider the Commission's conclusion that any rights the father might have are barred by G.S. 31A-2, which provides, in relevant part, "[a]ny parent who has wilfully abandoned the care and maintenance of his or her child shall lose *all right to intestate succession in any part of the child's estate* . . ." (Emphasis ours.) We cannot interpret the statute, clear on its face, to apply to the situation at hand. "The amount payable to the death beneficiaries never becomes a part of the estate of the deceased, and is not liable for his debts, but is the exclusive property of the beneficiaries." 58 Am. Jur., Workmen's Compensation, § 167, p. 689. See *Crawford v. Realty Co.,* 266 N.C. 615, 146 S.E. 2d 651. It is true that G.S. 97-40 provides as between nondependent next of kin (defined as including only "child, father, mother, brother or sister"), that the order of priority shall be governed by the general law applicable to the distribution of personal property of persons dying intestate. This statute does not change the nature of the proceeds so as to convert them into assets of the estate and the designated beneficiaries do not take by any right of intestate succession. The statute does not make the "general law" applicable to determine

eligibility; it makes the "general law" applicable only to determine "the order of priority" among those who by the statute are specified as eligible for participation in the proceeds. We hold, therefore, that G.S. 31A-2, dealing with intestate succession of the estate, does not apply.

[3] Appellant contends that if there is no statutory bar to recovery of Workmen's Compensation death benefits by an abandoning parent, the parent should be barred by the maxim that no man shall take advantage of his own wrong. This maxim of law is indeed the public policy of this state. *In re Estate of Ives,* 248 N.C. 176, 102 S.E. 2d 807. We have not been made aware, however, of cases which hold that in the absence of statute, a beneficiary is disqualified for unworthiness. In *Avery v. Brantley,* 191 N.C. 396, 131 S.E. 721, our Supreme Court held that in the absence of statute, a parent who had abandoned his child would not be barred from participating in proceeds received for the wrongful death of his child. Several writers suggest that the present G.S. 31A-2 was enacted as a result of the decision in *Avery.* T. Atkinson, *Handbook of the Law of Wills,* § 37, p. 148 (2d Ed. 1953); Bolich, *Acts Barring Property Rights,* 40 N.C. L. Rev. 174, 184. It is also generally held elsewhere that, in the absence of statute, a claimant will not be barred because of misconduct toward decedent. Atkinson, *supra; Anderson v. Anderson,* 211 Tenn. 566, 366 S.W. 2d 755; *Cullison v. Hartman,* 9 PA D&C 2d 359.

G.S. 31A-2, under certain conditions bars a parent who has abandoned his child from all right to intestate succession in any part of the child's estate. In the absence of a similar provision with reference to Workmen's Compensation death benefits, the Court cannot judicially impose a forfeiture, no matter how unworthy the beneficiary.

This cause is remanded to the Full Commission for entry of an award in accordance with this opinion.

Reversed and remanded.

Judge MORRIS concurs.

Judge BROCK dissents.

Judge BROCK dissenting.

In my opinion the majority has given too narrow a construction to the provisions of G.S. 97-40 with respect to the application of the general law of intestate succession. G.S. 97-40 provides in part as follows: " . . . For all such next of kin who are neither wholly nor partially dependent upon the deceased employee and who take under this section, *the order of priority among them* shall be governed by the general law applicable to the distribution of the personal estate of persons dying intestate. . . . " (Emphasis added.) It seems to me that in determining the order of priority in accordance with the laws of intestate succession it is necessary to take into consideration G.S. 31A-2 which specifically applies to the right to a distribution of personal property of persons dying intestate. This latter statute establishes priority between the mother and the father of the deceased employee in this case; it excludes the father thereby giving priority to the mother alone.

I agree with the majority that Conclusion of Law No. 2 by the Industrial Commission, which would bar the father from recovery because he failed to file a claim, is error. The employer having already filed a claim I don't think it is necessary for the father also to file one. Otherwise I vote to affirm the award of the Industrial Commission.