HALLIE SMITH, Mother, EDWARD SMITH, Father, JERRY SMITH, Deceased, Employee Plaintiff v. ALLIED EXTERMINATORS, INC., Employer and BITUMINOUS CASUALTY CORPORATION, Carrier Defendants

No. 50

(Filed 10 November 1971)

**1. Master and Servant § 91— workmen's compensation — failure to file claim — insurance carrier's request for hearing**

A father was not barred from participation in a workmen's compensation award for the death of his son by his failure to file a claim therefor, where the matter was heard by the Industrial Commission upon the request of the employer's insurance carrier pursuant to G.S. 97-83.

**2. Master and Servant §§ 69, 79— workmen's compensation death benefits — persons entitled to payment — amount of payment**

When the deceased employee left no one who was dependent upon him, wholly or partially, G.S. 97-40 determines the person or persons entitled to the death benefits provided in the Workmen's Compensation Act, but the amount payable to the person or persons entitled thereto is determined by G.S. 97-38, commuted to its present, lump sum value.

**3. Master and Servant § 69— workmen's compensation death benefits — amount of payment**

When the deceased employee left no dependent, whole or partial, the amount payable is not reduced from the amount which would have been payable had the deceased employee left a person wholly dependent upon him unless there is no person surviving who falls within the term "next of kin" as defined in G.S. 97-40.

**4. Master and Servant § 79— workmen's compensation death benefits — next of kin**

Where the deceased employee leaves surviving him a person or persons in two or more of the categories of relationship included as "next of kin" in G.S. 97-40, the benefits are not distributed among all such surviving "next of kin," but the statute directs the Industrial Commission to "the general law applicable to the distribution of the personal estate of persons dying intestate" to determine "the order of priority" among the several persons.

**5. Master and Servant § 79— workmen's compensation death benefits — next of kin — order of priority**

The meaning of "order of priority" in G.S. 97-40 is that the person or persons in one category take to the exclusion of the others.

**6. Master and Servant § 79— workmen's compensation death benefits — next of kin — father, mother and brothers — persons entitled to benefits**

Where a deceased employee was not survived by a widow, child or any whole or partial dependent, but was survived by his father, mother and two brothers, the mother and father would be entitled

to the death benefits for which the employer or its carrier is liable under G.S. 97-38 to the exclusion of the brothers, nothing else appearing. G.S. 29-15(3).

**7. Master and Servant § 79— workmen's compensation — parent who abandoned employee during minority — right to share in award**

Since under G.S. 31A-2 a father who wilfully abandons his child during the child's minority loses all right to intestate succession in the distribution of the personal estate of his intestate, deceased child, such a father cannot share in death benefits for which the deceased child's employer or its carrier is liable under G.S. 97-38.

APPEAL by plaintiff, Hallie Smith, and by defendants, from the decision of the Court of Appeals, reported in 11 N.C. App. 76, 180 S.E. 2d 390, reversing an award by the North Carolina Industrial Commission and remanding the matter to the Commission, *Brock, J.,* dissenting.

It is stipulated that, on 17 July 1969, Jerry Smith, an employee of Allied Exterminators, Inc., sustained an injury by accident arising out of and in the course of his employment, which injury resulted in his immediate death, and that his average weekly wage was $64.00. The matter came on for hearing before the full North Carolina Industrial Commission upon the request of the insurance carrier pursuant to G.S. 97-83. No exception, except as hereafter noted, is taken to its findings of fact, which summarized, were:

The deceased employee was the son of Hallie and Edward Smith. Two other sons, aged 24 and 23, respectively, were also born of the marriage. At the time of the hearing, the father and mother of the deceased had been separated approximately twelve years. The father had not supported any of the children for more than eleven years prior to the death of the deceased employee. He wilfully abandoned the care and maintenance of the deceased during his minority. He has never filed a claim for compensation in this matter with the Commission. At the time of his death, the deceased and his brothers lived in the home maintained by Hallie Smith, their mother. The deceased paid his mother weekly payments in lieu of board and lodging. The deceased was not survived by a widow, child or any dependent, whole or partial. Neither his mother, his father nor either of his two brothers was dependent upon the deceased, wholly or partially.

Upon these facts, the majority of the Commission concluded: The father, Edward Smith, abandoned the care and

maintenance of the deceased during his minority and, thereby, lost all right to intestate succession in any part of the estate of the deceased. Not having filed a claim with the Commission within one year from the date of the death, the father is now barred from filing a claim. The deceased was survived by no dependents, whole or partial. He was survived by his mother, who is his next of kin and who, in that capacity, is entitled to compensation at the rate · of $38.40 per week for 350 weeks, commuted to its present value and payable in a lump sum.

An award of such compensation payable to Hallie Smith, the mother of the deceased, together with funeral expense benefits, was made by the Commission. Commissioner Stephenson concurred in the result, his view being that G.S. 31A-2 has no bearing upon the matter since death benefits payable under the Workmen's Compensation Act do not become a part of the assets of the estate of the deceased employee, but the father, having filed no claim within twelve months from the date of the death, cannot share in the compensation benefits payable and, consequently, they are payable to the mother alone.

From the award of the Industrial Commission the defendants appealed to the Court of Appeals, assigning as error:

1. The findings by the Commission that the father has not filed a claim for compensation with the Commission and that he was not dependent, wholly or partially upon the deceased, and the conclusion of the Commission that, by such failure to file a claim within one year from the death of the deceased, the father is now barred from filing such claim.

2. The Commission erred in its conclusion that the mother is entitled to the present commuted value of compensation at the rate of $38.40 per week for 350 weeks, and in the award thereof.

The Court of Appeals, Judge Brock dissenting, reversed and remanded to the Full Commission for the entry of an award in accordance with its opinion. It held that the Commission had jurisdiction to determine the rights of the father, that it erred in concluding that the father's right was barred by his failure to file a claim, and that G.S. 31A-2, which provides that any parent, who has wilfully abandoned the care and maintenance of his or her child, shall lose all right to intestate succession in any part of the child's estate, does not apply to this

matter since death benefits, payable under the Workmen's Compensation Act, do not become part of the estate of the deceased employee. Judge Brock dissented on the ground that G.S. 31A-2 is applicable and excludes the father from participation in the benefits payable by reason of the employee's death, thus entitling the mother to the award made by the Commission.

Notice of the hearing before the Commission was mailed by the Commission to the father at his last known address. He did not appear at the hearing. His whereabouts are unknown.

The defendants contend that the Commission had jurisdiction to determine the claim of the father and that it correctly concluded that, by reason of his wilful abandonment of the deceased employee during the latter's minority, the father is not entitled to any portion of the death benefit. They contend, however, that the respective claims of the father and the mother are separate and distinct so that his ineligibility to receive what would otherwise have been payable to him does not enlarge the amount payable to the mother but relieves the defendants from that portion of what would otherwise be payable.

*Powe, Porter & Alphin by Willis P. Whichard for Plaintiff.*

*Dupree, Weaver, Horton, Cockman & Alvis by Walter L. Horton, Jr., for Defendants.*

LAKE, Justice.

G.S. 97-83 provides that if the employer and the dependents of the employee fail to reach an agreement in regard to compensation payable under the Workmen's Compensation Act within fourteen days after the "employee" (obviously a misprint intended to read "employer") has knowledge of the death, either party may make application to the Industrial Commission for a hearing in regard to matters at issue, and for a ruling thereon, whereupon the Commission shall set the date for a hearing and notify the parties thereof. G.S. 97-84 provides that the Commission shall hear the parties at issue and determine the dispute.

[1] In the present case, no agreement having been reached within the specified time and the carrier having made such application to the Commission, the Commission set the matter for hearing and gave notice to the parties, including the father.

Smith v. Exterminators

The Commission, at such hearing, had jurisdiction to determine the rights of the father and mother, respectively, to benefits under the Act by reason of the death of their son. See, *Hanks v. Utilities Co.*, 210 N.C. 312, 186 S.E. 252. Thus, the father is not barred from participation in benefits payable under the Act by reason of his failure to file a claim therefor, but he is barred by the Commission's determination that he is not entitled to such benefits by reason of his abandonment of the deceased employee during the latter's minority, unless that determination be error:

G.S. 97-38 provides:

"If death results approximately from the accident * * * the employer shall pay or cause to be paid, subject to the provisions of the other sections of this article, weekly payments of compensation equal to sixty percent (60%) of the average weekly wages of the deceased employee at the time of the accident * * * for a period of three hundred and fifty weeks * * * to the person or persons entitled thereto as follows: * * * ."

G.S. 97-40 provides:

"Subject to the provisions of G.S. 97-38, if the deceased employee leaves neither whole nor partial dependents, then the compensation which would be payable under G.S. 97-38 to whole dependents shall be commuted to its present value and paid in a lump sum to the next of kin *as herein defined.* For purposes of this section and G.S. 97-38, 'next of kin' shall include only child, father, mother, brother or sister of the deceased employee. For all such next of kin who are neither wholly nor partially dependent upon the deceased employee and who take under this section, the order of priority among them shall be governed by the general law applicable to the distribution of the personal estate of persons dying intestate. * * * (Emphasis added.)

"If the deceased employee leaves neither whole dependents, partial dependents, nor next of kin as hereinabove defined, then no compensation shall be due or payable on account of the death of the deceased employee, except that the employer shall pay or cause to be paid the burial expenses of the deceased employee not exceeding five hundred dollars ($500.00) to the person or persons entitled thereto."

[2, 3]   In the present case, it is stipulated, and the Commission has found that the deceased employee left no one who was dependent upon him, wholly or partially. Thus, G.S. 97-40 determines the person or persons entitled to receive the death benefits provided in the Act, but the amount payable to the person or persons entitled thereto is determined by G.S. 97-38, commuted to its present, lump sum value. When, as here, the deceased employee left no dependent, whole or partial, the amount payable is not reduced from the amount which would have been payable had the deceased employee left a person wholly dependent upon him unless there is no person surviving who falls within the term "next of kin," as defined in G.S. 97-40. Here, such a person does survive. Therefore, the amount to be paid is the full amount which would have been payable had the deceased left a person wholly dependent upon him. The only question remaining is, To whom is this sum payable?

[4, 5]   G.S. 97-40 provides that the next of kin includes "child, father, mother, brother or sister" of the deceased. Obviously, however, where the deceased leaves surviving him a person or persons in two or more of these categories of relationship, the benefits are not distributed among all of such surviving "next of kin." In that event, the statute directs the Commission to "the general law applicable to the distribution of the personal estate of persons dying intestate" to determine "the order of priority" among these several persons. The meaning of an "order of priority" is that the person or persons in one category takes to the exclusion of the others.

The determination of the taker or takers is to be made in accordance with the general law governing the distribution of the personal property of the deceased employee, assuming he died intestate, leaving only his father, mother and two brothers surviving him. This is not because the benefits under the Act are or become part of the assets of the estate of the decedent. They do not. The Commission is directed to the general law governing intestate succession simply because, for this purpose only, the general law of intestate succession is incorporated by reference into G.S. 97-40.

[6, 7]   Turning to the general law governing intestate succession to personal property, we find that, nothing else appearing, the father and the mother take in preference to the brothers. G.S. 29-15(3). Thus, the brothers do not share in the death

benefits for which the employer or its carrier is liable. However, something else does appear. The father wilfully abandoned the care and maintenance of the deceased during the latter's minority. G.S. 31A-2 provides that, in that event, the father loses all right to intestate succession in the distribution of the personal estate of his intestate, deceased child. Consequently, he does not share in the death benefits for which the employer or its carrier is liable under G.S. 97-38. This leaves the mother, Hallie Smith, as the only person entitled. She takes the entire sum which would have been payable had there been a person wholly dependent.

The judgment of the Court of Appeals is, therefore, reversed, and this matter is remanded to that court for the entry of a judgment affirming the award of the Industrial Commission.

Reversed and remanded.