CHARLES WILLIFORD v. HELEN MARIE WILLIFORD, ADMINISTRA-
TRIX OF THE ESTATE OF ANTHONY CRAIG WILLIFORD, DE-
CEASED

No. 7511DC102

(Filed 21 May 1975)

**Death § 9— abandonment of child — recovery for wrongful death of child**
 A parent who abandoned his child is precluded by G.S. 31A-2
 from participating in proceeds from the settlement of a claim for
 wrongful death of the child.

APPEAL by plaintiff from *Lyon, Judge.* Judgment entered
19 November 1974 in District Court, HARNETT County. Heard
in the Court of Appeals 9 April 1975.

This is a civil action in which plaintiff seeks to obtain one-
half of the proceeds held by defendant and received in settlement
of a wrongful death claim.

From the pleadings it appears that plaintiff was the father,
and defendant was the mother, of the deceased, Anthony Craig
Williford. Defendant, as administratrix of her son's estate, re-
ceived $7,125.00 (or $9,500.00 according to the briefs) as pro-
ceeds from the settlement of a claim for the wrongful death of
her son. After payment of certain claims, approximately
$6,000.00 remained for distribution. Plaintiff claimed that ac-
cording to the laws of intestacy, one-half of the $6,000.00 be-
longed to him but that defendant has refused to make payment.

In her answer, defendant alleged that plaintiff had wilfully
abandoned his son and had provided neither support nor main-
tenance for the deceased since January of 1972. This, defendant
alleged, constituted an absolute defense under G.S. 31A-2 to
plaintiff's claim.

Plaintiff's motion for judgment on the pleadings was de-
nied. The matter was tried before a jury and the following issues
were answered by the jury:

"1. Did the plaintiff abandon his minor son, Anthony
     Craig Williford, as alleged in the Answer?

ANSWER: Yes.

    2. If so, did the plaintiff resume his care for his said son for at least a year before his death and continuing until his death, as alleged in the Complaint?

ANSWER: No."

From a judgment that plaintiff recover nothing, plaintiff appealed.

*McLeod & McLeod, by Max E. McLeod and J. Michael McLeod, for plaintiff appellant.*

*Bowen & Lytch, by R. Allen Lytch, for defendant appellee.*

MARTIN, Judge.

This appeal raises the question as to whether a parent who abandons a child under G.S. 31A-2 is precluded from participating in proceeds from the settlement of a claim for the wrongful death of the child.

Effective 1 October 1961, the General Statutes of North Carolina were amended by adding Chapter 31A, entitled "Acts Barring Property Rights". G.S. 31A-2 as thereby enacted reads:

"Acts barring rights of parents.—Any parent who has wilfully abandoned the care and maintenance of his or her child shall lose all right to intestate succession in any part of the child's estate and all right to administer the estate of the child, except—

    (1) Where the abandoning parent resumed its care and maintenance at least one year prior to the death of the child and continued the same until its death; or

    (2) Where a parent has been deprived of the custody of his or her child under an order of a court of competent jurisdiction and the parent has substantially complied with all orders of the court requiring contribution to the support of the child."

Plaintiff contends that G.S. 31A-2 has no application to recovery for wrongful death and, therefore, does not bar plaintiff's claim. In support thereof, plaintiff cites *Avery v. Brantley,* 191 N.C. 396, 131 S.E. 721 (1926). In *Avery v. Brantley,* plaintiff brought suit to obtain one-half of the money recovered by defendant in an action for the wrongful death of plaintiff's child.

The jury found that plaintiff had wilfully abandoned the care, custody, nurture and maintenance of the child to the mother, and the trial court entered judgment denying recovery for plaintiff. Our Supreme Court reversed the judgment of the trial court saying, "Under the law as written, the father and mother are entitled each to one-half of the recovery."

*Avery v. Brantley* predates G.S. 31A-2, and in our opinion G.S. 31A-2 acts to preclude a parent who comes within its provisions from sharing in the wrongful death proceeds.

We are aware that the recovery in an action for wrongful death created by and based on G.S. 28-173 is not a general asset of the decedent's estate. *Bowen v. Rental Co.,* 283 N.C. 395, 196 S.E. 2d 789 (1973). However, the distribution of whatever recovery is obtained is governed by the provisions of G.S. 28-173. *Brown v. Moore,* 286 N.C. 664, 213 S.E. 2d 342 (1975). "Except as to burial expenses of the deceased, and reasonable hospital and medical expenses not exceeding $500.00, G.S. 28-173 provides that the only persons entitled to receive the damages recovered in a wrongful death action are those entitled to the decedent's personal estate under the Intestate Succession Act." *Bowen v. Rental Co., supra.* Under G.S. 31A-2, plaintiff lost all right to intestate succession in any part of his child's estate. Consequently, he cannot share in any proceeds from a claim for the wrongful death of his child. See also, *Smith v. Exterminators,* 279 N.C. 583, 184 S.E. 2d 296 (1971).

No error.

Judges BRITT and HEDRICK concur.