JAMES A. PERDUE, Employee/Plaintiff v. DANIEL INTERNATIONAL, INC., Employer, AMERICAN MOTORISTS INSURANCE COMPANY, Carrier, Defendants

No. 8210IC27

(Filed 16 November 1982)

1. **Master and Servant §§ 85, 91.1— claim filed more than two years after accident—Industrial Commission lacking jurisdiction**

    The Industrial Commission did not err in dismissing plaintiff's claim due to lack of jurisdiction under G.S. 97-24(a) where plaintiff filed a claim for compensation more than two years after he experienced an accident. The employer's filing of a Form 19 shortly after the accident was not sufficient to invoke jurisdiction.

2. **Master and Servant § 91.1— worker's compensation—accident—time for filing claim runs from date of accident**

    Under G.S. 97-24(a) an employee is required to file a claim with the Industrial Commission within two years after his accident regardless of whether he has become aware of his disorder. This is different from G.S. 97-58(b) which deals with occupational diseases.

    Judge Wells concurring.

APPEAL by plaintiff from the North Carolina Industrial Commission opinion and award of 18 September 1981. Heard in the Court of Appeals 21 October 1982.

Plaintiff's evidence tends to show that on 20 April 1976, he was repairing a broken bolt on a roller in defendant's machine shop when he passed out and fell to the floor. He reported the incident to his supervisor. The next week, he saw his doctor who told him that he pulled a muscle. He continued to see his doctor regularly. In November 1979, the doctor told him that he had a broken vertebra and was 25% permanently disabled.

After the accident occurred, plaintiff's safety supervisor filed an employee's report, Form 19. Form 19 is captioned: "This report filed only in compliance with section G.S. 97-92 and not employee's claim for compensation." On 18 August 1976, defendant carrier advised plaintiff and the Industrial Commission that he was not entitled to benefits because his injury was not caused by an accident. The Industrial Commission sent plaintiff a letter on 25 August 1976, informing him that he must file a claim within two years of his accident or his right to recover compensation

would be barred. Plaintiff's claim, filed 27 March 1980, was denied by Deputy Commissioner Bryant, and, on appeal, the full North Carolina Industrial Commission, because it was not filed within two years of the accident.

*Franklin L. Block, for plaintiff appellant.*

*Young, Moore, Henderson and Alvis, by John E. Aldridge, Jr., B. T. Henderson II, and William F. Lipscomb, for defendant appellees.*

VAUGHN, Judge.

[1] Plaintiff's first argument is that the Industrial Commission was wrong in dismissing his claim due to lack of jurisdiction. G.S. 97-24(a) provides: "The right to compensation under this Article shall be forever barred unless a claim be [*sic*] filed with the Industrial Commission within two years after the accident." The requirement of filing a claim within two years of the accident is not a statute of limitation, but a condition precedent to the right to compensation. *Barham v. Kayser-Roth Hosiery Co., Inc.*, 15 N.C. App. 519, 190 S.E. 2d 306 (1972).

Plaintiff contends that filing Form 19 by his employer was sufficient to invoke jurisdiction. We do not agree. In *Montgomery v. Horneytown Fire Department*, 265 N.C. 553, 144 S.E. 2d 586 (1965), the decedent died on 16 August 1962, immediately after his fire truck was in a collision. Six days later, the fire department filed Form 19 with the Industrial Commission. The Commission twice wrote to plaintiff's attorneys asking that they file a form requesting a hearing. This was not done. The Supreme Court held that since a claim was not filed, the proceedings were properly dismissed.

Plaintiff mistakenly relies on *Hardison v. W. H. Hampton and Son*, 203 N.C. 187, 165 S.E. 355 (1932), and *Smith v. Allied Exterminators, Inc.*, 11 N.C. App. 76, 180 S.E. 2d 390, *reversed on other grounds*, 279 N.C. 583, 184 S.E. 2d 296 (1971), to support his proposition that filing Form 19 is sufficient to invoke jurisdiction. In *Hardison*, the plaintiff was injured on 27 March 1930. He informed his employer, who notified their insurance company, and then reported the accident to the Industrial Commission on Form 19. Negotiations between the employee and the carrier did not result

in a settlement. The carrier informed the Industrial Commission that no settlement had been reached, and requested a hearing. No hearing was held until the employee requested one, a year later. The Supreme Court concluded:

> There is no provision in the North Carolina Workmen's Compensation Act requiring an injured employee to file a claim for compensation . . . with the North Carolina Industrial Commission. . . . [T]he employer is required to report the accident and claim . . . to the Commission on form 19. . . . When the employer has filed with the Commission a report of the accident and claim of the injured employee, the Commission has jurisdiction of the matter, and the claim is filed with the Commission within the meaning of section 24.

*Hardison v. W. H. Hampton and Son,* 203 N.C. at 188-189, 165 S.E. 355-356.

Although the quoted portion of that decision might seem to support plaintiff's argument, jurisdiction in *Hardison* was actually invoked when the carrier requested a hearing before the Commission, within the time limitation imposed by the statute. This was explained in the concurring opinion in *Whitted v. Palmer-Bee Co.,* 228 N.C. 447, 455-456, 46 S.E. 2d 109, 114-115 (1948):

> In the *Hardison case,* after notice of the accident which occurred 27 March, 1930, was filed, there were negotiations between the employee, the employer and the insurance carrier. . . . The negotiations were somewhat drawn out, and the carrier became dissatisfied with the delay. . . . On 12 November, 1930, its agent wrote the Commission detailing the facts and the dispute, and stated: "The employer seems to feel that the injured is entitled to compensation for 350 weeks . . . [.] In view of the injured's attitude and in view of the information which I have, I see nothing to do but have a hearing in the matter, in order that the Commission may decide what compensation benefits the injured is entitled to." Copy of the letter was sent to the employee and his counsel applied for a hearing 27 March, 1931.

> The Commission properly found and concluded that this letter in effect admitted liability, presented the claim for decision and requested a hearing. It was upon this conclusion,

and not on the report of the injury, it assumed jurisdiction, over the protest of employer, and made an award. It was the award founded on these facts which was affirmed by this Court. . . .

In *Smith v. Allied Exterminators, Inc.*, 11 N.C. App. 76, 180 S.E. 2d 390, *reversed on other grounds*, 279 N.C. 583, 184 S.E. 2d 296 (1971), the plaintiffs contended that decedent's father was barred from recovery because he did not file a claim within one year of the accident. The proceedings, however, were initiated by the carrier, Bituminous Casualty Corporation, when it filed application for hearing. This Court held: "When the Commissioner held a hearing pursuant to the carrier's request, it had jurisdiction to determine the rights of the father. . . ." 11 N.C. App. at 79, 180 S.E. 2d at 393.

[2]  Plaintiff's second argument is that the time within which the employee must file his claim does not begin to run until he becomes aware of his disorder, as is the case for occupational diseases. G.S. 97-24(a) requires filing the claim "within two years after the accident." G.S. 97-58(b), on the other hand, provides: "The time of notice of an occupational disease shall run from the date that the employee has been advised by competent medical authority that he has same." Obviously, these two statutes are different. An accident claim must be filed within two years of the accident, not within two years after the claimant becomes aware of his disorder. This is discussed in *Whitted v. Palmer-Bee Company*, 228 N.C. 447, 46 S.E. 2d 109 (1948), where plaintiff's accident caused blindness in one eye eighteen months after his injury. The Industrial Commission dismissed his claim because it was not filed within one year of the accident. The Supreme Court affirmed, noting that it was regrettable that there was no provision in the Workmen's Compensation Act to preserve the rights of employees in cases where the injury is not discovered until after the statutory time period has elapsed, although there is such a provision for certain occupational diseases.

For the reason stated, the opinion of the Industrial Commission is affirmed.

Affirmed.

Judge WHICHARD concurs.

Judge WELLS concurs separately.

Judge WELLS concurring.

I concur in the majority opinion because I believe the result reached therein is mandated by prior decisional law. In doing so, however, I wish to emphasize the fundamental inconsistency, recognized by the majority, between the provisions of G.S. 97-24, relating to injury by accident, and G.S. 97-58, relating to injury from industrial disease. This fundamental inconsistency, and the harsh results which may flow from the provision of section 24, was recognized by our Supreme Court at least as early as 1947 in *Whitted v. Palmer-Bee Company*, relied on by the majority, a classic case of harsh result. Yet the problem abides for victims of insidious injuries, with results that cry out for more sensible and equitable response.