The appealing party has shown good grounds to reconsider the evidence. However, upon much detailed reconsideration of the evidence, the undersigned reach the same facts and conclusions of law as those reached by the Deputy Commissioner with some modification. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
The undersigned find as fact and conclude as matters of law the following, which were entered into by the parties in a pre-trial agreement dated September 10, 1996 and at the initial hearing, as
STIPULATIONS
1. The employer/employee relationship existed between the plaintiff and defendant-employer.
2. If the plaintiff's claim is not barred pursuant to N.C.G.S. § 97-24 and § 97-53, then the parties are subject to and bound by the Act and the Industrial Commission has jurisdiction of the subject matter of this Act.
3. The parties are properly before the Industrial Commission.
4. Plaintiff's average weekly wage is $290.40.
5. Stipulated Exhibits are as follows:
 a. Stipulated Exhibit #1 — Plaintiff's medical records;
 b. Stipulated Exhibit #2 — Plaintiff's recorded statement of July 3, 1993;
 c. Stipulated Exhibit #3 — Plaintiff's recorded statement of June 22, 1995.
* * * * * * * * * * *
Based upon all of the competent, credible and convincing evidence adduced, the undersigned make the following additional
FINDINGS OF FACT
1. Defendant-employer is self-insured and is administered through Kemper Risk Management Services.
2. At the time of the initial hearing plaintiff was 52 years of age. Plaintiff was employed with defendant-employer for 27 years.
3. On April 28, 1993, plaintiff picked up a bundle of work and felt a burning pain in her neck. Plaintiff told a co-worker that she had hurt herself and that she was leaving to go home.
4. On April 30, 1993 plaintiff sought medical treatment from her family physician, Dr. Reynolds, whom she had been treating with prior to this date for left arm discomfort. Dr. Reynolds prescribed medication and took plaintiff out of work for two weeks.
5. Upon referral from Dr. Reynolds, plaintiff was seen by Dr. Phillip Deaton on May 10, 1993 for neck pain and difficulty using her left arm. Dr. Deaton recommended physical therapy and prescribed medication. Plaintiff had also been treated by Dr. Deaton in July 1992 for neck pain.
6. Plaintiff underwent a cervical laminectomy on June 15, 1993 for a ruptured disc at C5-C6 which Dr. Deaton performed. Plaintiff continued to treat with Dr. Deaton until July 1994.
7. In July 1994 plaintiff began treating with Dr. Mark Roy. On August 2, 1994, plaintiff underwent an anterior cervical discectomy and fusion at C3-4 and C5-6. As of the last medical note of May 6, 1996, plaintiff was still treating with Dr. Roy.
8. Plaintiff did not report her injury of April 28, 1993 to her employer as being work related until June 25, 1993, after she had undergone surgery. Plaintiff did not file a Form 18 claim for compensation until June 5, 1995, which was received by the Industrial Commission on June 7, 1995.
9. Plaintiff clearly did not file a claim in this matter within the two years after the incident of April 28, 1993. No convincing estoppel elements are present in this case.
10. Plaintiff became disabled from her physical condition on May 1, 1993. Plaintiff remained out of work from May 1, 1993 until September 27, 1993, March 16, 1994 until March 30, 1994, and again on April 22, 1994. At the time of the initial hearing plaintiff had not returned to work with defendant-employer or any other employer since April 22, 1994. Plaintiff was automatically terminated from employment on April 24, 1995 for being on a medical leave of absence for one year.
11. Plaintiff did not file a claim in this matter within two years after disability or disablement.
* * * * * * * * * * *
The foregoing findings of fact and conclusions of law engender the following additional
CONCLUSIONS OF LAW
1. Proper filing of a claim within two years after an accident is a condition precedent to jurisdiction by the North Carolina Industrial Commission. G.S. § 97-24(a).
2. Since plaintiff did not file a claim with the North Carolina Industrial Commission within the two year period prescribed by G.S. § 97-24, plaintiff is barred from receiving the right to compensation under the North Carolina Workers' Compensation Act. G.S. § 97-24(a). The filing of the Form 19 by the employer does not constitute the "filing" of plaintiff's "claim" under the Workers' Compensation Act, and the form specifically states this fact. Perdue v. Daniel International,59 N.C. App. 517 (1982).
3. Defendant is not estopped to rely on G.S. § 97-24 in bar of plaintiff's claim. G.S. § 97-24.
4. Since plaintiff did not file a claim with the North Carolina Industrial Commission within the two year period prescribed by G.S. § 97-58, plaintiff is barred from receiving the right to compensation under the North Carolina Workers' Compensation Act. G.S. § 97-58.
6. Plaintiff is, therefore, entitled to no compensation under the provisions of the North Carolina Workers' Compensation Act. G.S. § 97-2(6); G.S. § 97-52; G.S. § 97-53.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the undersigned enter the following
ORDER
1. Under the law, plaintiff's claim must be, and the same is HEREBY, DENIED.
2. Each side shall bear its own costs.
This case is ORDERED REMOVED from the Full Commission hearing docket.
This the ___________ day of ______________________ 1997.
 S/ ________________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ ____________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ___________________ LAURA K. MAVRETIC COMMISSIONER
JHB/nwm
10/22/97