* * * * * * * * * * *
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Chief Deputy Commissioner Gheen and the briefs and arguments of the parties. The appealing party has shown good ground to reconsider the evidence. Accordingly, the Full Commission reverses the Opinion and Award of the Chief Deputy Commissioner and enters the following Opinion and Award.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS 1. The parties did not enter into any stipulations. *Page 2 
2. At the hearing before the Chief Deputy Commissioner, plaintiff introduced the following documents into evidence:
 a. Supplement Legal Issue;
 b. Supplement;
 c. Supplement Legal Element of Evidence;
 d. Supplement Motion for Restitution;
 e. Motion to Proceed;
 f. Plaintiff's Motion to Deny Defendants Brief;
 g. Affidavit to Support Motion to Object Transcript of Evidence;
 h. Plaintiff's Motion to Object Transcript of Evidence;
 i. Affidavit to Support Motion to Object Transcript of Evidence;
 j. Informal Brief;
 k. Notice of Appeal;
 l. Affidavit in Support Motion for Penalty for Fraud N.C. Gen. Stat. § 97-88.2;
 m. Affidavit to Support Motion to Deny Defendants Letter Pleasing to Dismiss;
 n. Affidavit to Support Motion to Deny Defendants Letter Pleasing to Dismiss;
 o. Form 19;
 p. Statement by Plaintiff;
 q. Affidavit to Support Motion;
 r. Order; *Page 3 
 s. Motion to Correct Error;
 t. Testimony to Support Injuries;
 u. Affidavit in Support Motion to Deny;
 v. Form 18; and
 w. Complaints.
2. At the hearing before the Chief Deputy Commissioner, defendants introduced the following documents into evidence:
 a. Letter from Defendants dated 10/19/05, including Forms 18 33;
 b. Job incident report;
 c. Medical bill and payment;
 d. Supplement to Full Commission filed by Plaintiff; and
 e. Acknowledgment of Form 18.
3. Plaintiff requested an Affidavit dated November 30, 2007 be entered into the record of evidence at Full Commission. Defendants had no objection. Said Affidavit is hereby admitted as evidence.
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. At all relevant times in controversy, Insurance Company Of The State Of Pennsylvania/AIG Claims Service insured Bovis Lend Lease.
2. Plaintiff alleges he sustained an injury to his back while working for defendant-employer as a carpenter on Thursday, March 30, 2000. *Page 4 
3. On Friday, March 31, 2000, plaintiff returned to work. He told his immediate supervisor, James Martinez that he had injured his back. Plaintiff returned to work on Monday, April 3, 2000 and informed the lead supervisor, Wayne Melton, that he had injured his back. Mr. Melton directed plaintiff to consult a doctor.
4. Plaintiff sought treatment at Granville Medical Center in Oxford on Monday, April 3, 2000. Defendant-carrier paid the medical bill, less than $200.00, subsequent to the examination, a fact unknown to plaintiff.
5. Plaintiff returned to work on or about April 10, 2000. Plaintiff missed more than one day without pay from his employment at defendant-employer.
6. The amount of plaintiff's medical expenses did not exceed the threshold established by the Industrial Commission to require defendants to file a Form 19.
7. Plaintiff asked Mr. Melton and Pam Hoppmann, Project Assistant for Bovis, for an accident form. He was not provided a form and did not pursue the issue further with the defendant-employer.
8. Defendant-employer completed a Form 19, Report of Injury on or about April 3, 2000 and transmitted it their carrier but there is no evidence establishing that the Form 19 was ever filed with the Industrial Commission (the Industrial Commission experienced certain computer problems, which may account for the lack of evidence showing that a Form 19 was filed). Thus, defendants failed to file a Form 19, Report of Injury with the Industrial Commission.
9. Plaintiff, acting pro se, filed a claim for discrimination and harassment against defendant-employer with the Equal Employment Opportunity Commission (hereinafter "EEOC"). EEOC issued plaintiff a "right to sue letter." Plaintiff filed a civil action in the *Page 5 
Federal District Court, Eastern District of North Carolina, on or about August 15, 2001. Plaintiff's claim alleged discrimination on the part of his employer, his back injury, and unpaid wages. Plaintiff pursued his civil action to the United States Supreme Court where it was dismissed for procedural violations.
10. Plaintiff filed a Form 18, Notice of Accident to Employer, with the Commission on or about April 5, 2005 and a Form 33, Request For Hearing with the Commission on or about September 9, 2005. Plaintiff did not rely on any representations made by defendants regarding the filing of his workers' compensation claim.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. A claimant must file a claim within two years of the date of the injury by accident or last date of payment of medical compensation or his claim is barred. N.C. Gen. Stat. § 97-24(a). "[T]he timely filing of a claim for compensation is a condition precedent to the right to receive compensation and failure to file timely is a jurisdictional bar for the Industrial Commission." Reinhardt v. Women's Pavilion,Inc., 102 N.C. App. 83, 86, 401 S.E.2d 138, 140 (1991). Accordingly, N.C. Gen. Stat. § 97-24 is not a statute of limitations, but a statute of repose. Unlike an ordinary statute of limitations, a statute of repose defines substantive rights to bring an action. Colony HillCondominium Association v. Colony Company A, 70 N.C. App. 390, 394,320 S.E.2d 273, 276 (1984). Dismissal is proper where there is no evidence that the Industrial Commission obtained jurisdiction by the timely filing of a claim. Reinhardt, at 83, 401 S.E.2d at 138. Since plaintiff's claim was filed outside of the two-year period provided in *Page 6 
N.C. Gen. Stat. § 97-24(a), the Industrial Commission does not have jurisdiction over this claim. N.C. Gen. Stat. § 97-24(a).
2. The voluntary payment of a medical bill by defendant-carrier is not an admission of liability and does not dispense with the necessity of filing a claim with the Industrial Commission within the two-year time limitation. Barham v. Kayser-Roth Hosiery Co., Inc., 15 N.C. App. 519,521, 190 S.E.2d 306, 308 (1972).
3. The filing of a Form 19 by defendants is not sufficient to invoke the jurisdiction of the Industrial Commission. E.g., Perdue v. DanielInternational, Inc., 59 N.C. App. 517, 518, 296 S.E.2d 845, 846 (1982),cert. denied, 307 N.C. 577, 299 S.E.2d 647 (1983).
4. Equitable estoppel may be used to prevent a party from raising the time limitation of N.C. Gen. Stat. § 97-24 to bar a claim. Belfield v.Weyerhaeuser Co., 77 N.C. App. 332, 335 S.E.2d 44 (1985). A party is not permitted to argue a statute of limitations defense when the delay for filing was induced by misrepresentations or inducements on the part of the party now trying to raise the statute of limitations defense.Id. In the case at hand, there are no facts of record that would enable plaintiff to make an estoppel claim. Defendants did not make any affirmative assurances, misrepresentations or inducements to plaintiff regarding his workers' compensation claim that plaintiff relied upon which caused the delay in filing his claim. Id.
5. At the time of plaintiff's injury, Rule 104 of the North Carolina Workers' Compensation Rules contained a typographical error indicating that defendants were required to file a Form 19 when two conditions were met. First, a claimant must be absent from work for more than a day and second, medical compensation must exceed an amount set by the Commission. North Carolina Workers' Compensation Rule 104. However, N.C. Gen. Stat. § 97-92 provided that the meeting of only one of these two conditions invoked the requirement that a *Page 7 
Form 19 be filed. N.C. Gen. Stat. § 97-92. The statute takes precedence over the Rule and since plaintiff missed more than one day from work, defendants were required to file a Form 19. Willis v. J. M. DavisIndustries, Inc., 280 N.C. 709, 186 S.E.2d 913 (1972).
6. The prescribed penalty for failing to file a Form 19 is set forth in N.C. Gen. Stat. § 97-92(e) which requires a penalty of not less than $5.00 nor more than $25.00. N.C. Gen. Stat § 97-92(e). Further, defendants' failure to file a Form 19 does not preclude defendants from raising defenses in this claim. Knight v. Cannon Mills Co.,82 N.C. App. 453, 347 S.E.2d 832 (1986).
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim must be and is hereby dismissed with prejudice.
2. Defendants shall pay the Commission a penalty of $25.00 for failure to timely file the Form 19 in this case. Payment should be made to "North Carolina Industrial Commission" and directed to NORTH CAROLINA INDUSTRIAL COMMISSION, ACCOUNTS RECEIVABLE SECTION 4340 Mail Service Center, Raleigh, North Carolina 27699-4340.
3. Plaintiff shall bear the costs of this proceeding.
This the 14th day of January, 2007.
S/______________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/______________________ PAMELA T. YOUNG CHAIR *Page 1