SAM BELFIELD v. WEYERHAEUSER COMPANY AND FIREMAN'S FUND INS. CO.

No. 8510IC51

(Filed 15 October 1985)

1. **Master and Servant § 91— workers' compensation—time limitation for filing claim—equitable estoppel**

A party may be equitably estopped from asserting the two-year time limitation of G.S. 97-24 as a bar to jurisdiction of a claim for workers' compensation.

2. **Master and Servant § 91— workers' compensation—estoppel to assert time limitation**

Defendant employer was equitably estopped from asserting the two-year time limitation of G.S. 97-24 as a bar to plaintiff sawmill worker's claim for compensation for an eye injury where a secretary at the sawmill repeatedly assured the illiterate plaintiff that she would take care of the paper work in his case, and the secretary referred plaintiff to a lawyer who told plaintiff there was nothing he could do, but the lawyer worked for the employer.

APPEAL by defendants from Order of the Industrial Commission entered 25 October 1984. Heard in the Court of Appeals 28 August 1985.

Plaintiff filed a claim for compensation approximately six years after the accident which allegedly caused his injury. Defendants challenged the Commission's jurisdiction to hear the claim. The full Commission, Chairman Stephenson dissenting, affirmed the Deputy Commissioner's ruling that defendants by their conduct were estopped to plead the two year limitation of G.S. 97-24.

The full Commission considered the following evidence: Plaintiff worked at Weyerhaeuser's sawmill, where he had worked for 30 years. A piece of wood struck him in the head, knocking him out. He awoke in the back of a truck driven by his foreman, who took him to a doctor. The doctor gave plaintiff some medication

for pain and plaintiff returned to work the next day. Plaintiff later went to see other doctors but his vision deteriorated until he became blind in one eye. Plaintiff testified that Weyerhaeuser workers who had two or more accidents risked firing and that he was scared of losing his job. He also was afraid to report his pain and loss of vision from the accident. At the time of the accident plaintiff was 60 years old and totally illiterate. He had never attended school.

Following the accident, plaintiff began to ask "Ms. Brenda" regularly whether Weyerhaeuser would do anything for him. Ms. Brenda was Brenda Howell, a secretary at the mill. She told plaintiff she would take care of his paper work. Plaintiff never received any benefits, however. Ms. Brenda later asked him if he wanted to see a lawyer, and referred him to a lawyer who told plaintiff there was nothing he could do. Plaintiff later learned that this lawyer worked for Weyerhaeuser. Plaintiff continued to see Ms. Brenda regularly; she continued to tell him that she would "take care of" his paper work when the eye got "good enough." Finally, after plaintiff had retired, a social worker visited his home and learned of the origin of his eye problem. She made inquiries and put plaintiff in touch with counsel. A claim was filed in 1982, six years after the accident. From the Commission's order that defendants were estopped from pleading the absence of jurisdiction pursuant to G.S. 97-24, defendants appeal.

*Johnson and Jones, by Thomas L. Jones, Jr., for plaintiff-appellee.*

*Teague, Campbell, Dennis & Gorham, by George W. Dennis, III, and Dayle A. Flammia, for defendant-appellants.*

EAGLES, Judge.

Although the parties do not raise the issue, we first consider whether this appeal is properly before us. *In re Watson*, 70 N.C. App. 120, 318 S.E. 2d 544 (1984), *disc. rev. denied*, 313 N.C. 330, 327 S.E. 2d 900 (1985). The effect of the full Commission's order is not to dispose of the merits of the claim but merely to allow the proceeding to be heard. Accordingly, the order is interlocutory. *See Poret v. State Personnel Comm.*, 74 N.C. App. 536, 328 S.E. 2d 880, *disc. rev. denied*, 314 N.C. 117, 332 S.E. 2d 491 (1985). Nevertheless, in our discretion we consider the merits.

## I

The dispositive issue on appeal is whether we must apply the literal terms of G.S. 97-24(a): "The right to compensation under [the Workers' Compensation Act] shall be forever barred unless a claim be filed with the Industrial Commission within two years after the accident." By its language the statute ostensibly operates to automatically dispose of plaintiff's claim.

## II

### A

We do not end our inquiry there, however. It has been held repeatedly that the requirement that a claim be filed within the time limits set by G.S. 97-24 is a condition precedent to the right to compensation and not a statute of limitations. *See, e.g., Whitted v. Palmer-Bee Co.*, 228 N.C. 447, 46 S.E. 2d 109 (1948); *Lineberry v. Town of Mebane*, 218 N.C. 737, 12 S.E. 2d 252 (1940), *rev'd on other grounds on rehearing*, 219 N.C. 257, 13 S.E. 2d 429 (1941). This distinction has resulted in some judicial uncertainty. *See Joyner v. Lucas*, 42 N.C. App. 541, 257 S.E. 2d 105 (analyzing like distinction in paternity case), *disc. rev. denied*, 298 N.C. 297, 259 S.E. 2d 300 (1979). The harsh and inconsistent results that may follow have been the subject of judicial criticism. *See Perdue v. Daniel International, Inc.*, 59 N.C. App. 517, 296 S.E. 2d 845 (1982) (Wells, J., concurring in result), *disc. rev. denied*, 307 N.C. 577, 299 S.E. 2d 647 (1983). Various opinions contain language suggesting that the condition precedent is jurisdictional. *Id.; Weston v. Sears Roebuck & Co.*, 65 N.C. App. 309, 309 S.E. 2d 273 (1983), *disc. rev. denied*, 311 N.C. 407, 319 S.E. 2d 281 (1984). It is well established that the Industrial Commission possesses only a limited jurisdiction created by statute. *Letterlough v. Atkins*, 258 N.C. 166, 128 S.E. 2d 215 (1962). Jurisdiction cannot ordinarily arise by estoppel. *Weston v. Sears Roebuck & Co., supra* (discussing jurisdiction of Commission); *In re Sauls*, 270 N.C. 180, 154 S.E. 2d 327 (1967) (jurisdiction of court).

### B

[1] The Supreme Court has however expressly left unresolved the question of "whether under all circumstances a party to a proceeding before the Industrial Commission can, or cannot, be estopped to attack its jurisdiction over the subject matter. . . ."

*Hart v. Thomasville Motors, Inc.*, 244 N.C. 84, 89, 92 S.E. 2d 673, 677 (1956); *see also Weston v. Sears Roebuck & Co., supra; Gantt v. Edmos Corp.*, 56 N.C. App. 408, 289 S.E. 2d 75 (1982). In those cases it was held that their facts would not justify such a result even if estoppel were permitted to be pleaded. None of the decisions reached the issue of whether estoppel could be pleaded in bar of an attack on the Commission's jurisdiction. The question has not been reached since, but now is squarely before us. We hold that a party may be equitably estopped from asserting the time limitation in G.S. 97-24 as a bar to jurisdiction.

In *Joyner v. Lucas, supra,* we held that a time limitation then contained in G.S. 49-14 regarding civil actions to establish paternity was only procedural and not substantive, and therefore estoppel arising from defendant's conduct could bar dismissal for failure to timely file an action for support. There we distinguished cases applying former G.S. 28-173 as a "condition precedent" partially on the ground that G.S. 49-14 provided separately for time limitations. G.S. 97-24 is similarly independent of those statutory provisions establishing the right to compensation. In *Joyner* the court also relied on the remedial nature of G.S. 49-14 and our duty to construe remedial statutes liberally to effect the legislative intent. Similarly, it has been repeatedly held that the Workers' Compensation Act requires liberal construction to accomplish the legislative purpose of providing compensation for injured employees. *See, e.g., Watkins v. City of Wilmington*, 290 N.C. 276, 225 S.E. 2d 577 (1976). We note that the distinction at issue in *Joyner* and in the instant case arises from the application of court-made rules of statutory construction. The legislative intent should supersede those rules. *See Ross Realty Co. v. First Citizens Bank & Trust Co.*, 296 N.C. 366, 250 S.E. 2d 271 (1979); 82 C.J.S. Statutes Section 311 (1953). The *Joyner* court expressed concern over the potentially harsh results arising from a strict application of the time limitation. We find the *Joyner* rationale both relevant and persuasive here.

## C

In addition, a substantial body of case law indicates that estoppel is not foreign to Commission proceedings. It may apply where the claim is based on a change of condition under G.S. 97-47. *See Watkins v. Central Motor Lines, Inc.*, 10 N.C. App. 486,

179 S.E. 2d 130, *rev'd on other grounds*, 279 N.C. 132, 181 S.E. 2d 588 (1971); *Ammons v. Z. A. Sneeden's Sons, Inc.*, 257 N.C. 785, 127 S.E. 2d 575 (1962). Although, in contrast to G.S. 97-24, G.S. 97-47 is clearly *not* jurisdictional, *Watkins v. Central Motor Lines, Inc.*, *supra*, the purposes of the two sections appear identical, as is the relationship of the parties involved. In fact, it may be more equitable to apply estoppel to G.S. 97-24, since a claimant under G.S. 97-47 must have already been before the Commission, *see Biddix v. Rex Mills, Inc., #1*, 237 N.C. 660, 75 S.E. 2d 777 (1953), and thereby should have become better informed of its procedures.

We note too that elsewhere in the Workers' Compensation Act the procedural requirements are somewhat relaxed. The legislature has expressed a preference for summary and simple procedure before the Commission. G.S. 97-80(a). Furthermore, the legislature has avoided absolute notice requirements, instead allowing employees to assert claims even upon total failure to notify the employer as otherwise required by statute. G.S. 97-22, 97-23. The Supreme Court has recognized that procedure before the Commission need not conform strictly to that followed in the courts. *Maley v. Thomasville Furniture Co.*, 214 N.C. 589, 200 S.E. 438 (1939). We believe a rigorous application of the two year limitation of G.S. 97-24 would be inconsistent with this otherwise informal procedure.

D

Finally, we have reviewed the workers' compensation law of other jurisdictions and note that the weight of authority seems to support our decision. *See* 3 A. Larson, The Law of Workmen's Compensation, Section 78.45 (1983). As Larson summarizes:

The commonest type of case is that in which a claimant, typically not highly educated, contends that he was lulled into a sense of security by statements of employer or carrier representatives that "he will be taken care of" or that his claim has been filed for him or that a claim will not be necessary because he would be paid compensation benefits in any event. When such facts are established by the evidence, the lateness of the claim has ordinarily been excused.

*Id.*, Section 78-45 at 15-302 through 15-305. Representative cases include: *Gayheart v. Newnam Foundry Co. Inc.*, 271 Ind. 422, 393 N.E. 2d 163 (1979) (commission had jurisdiction to decide whether fraud of employer allowed it to hear time-barred claim); *Perkins v. Aetna Casualty & Surety Co.*, 147 Ga. App. 662, 249 S.E. 2d 661 (1978) (semi-literate employee falsely told that employer had no coverage; employer estopped from asserting time bar) *appeal dismissed*, 243 Ga. 701, 256 S.E. 2d 792 (1979); *Ashcraft v. Hunter*, 268 Ark. 946, 597 S.W. 2d 124 (Ark. App. 1980) (employer's conduct indicating that no formal filing of claim necessary estopped assertion of time bar).

## E

[2] For the reasons discussed we conclude that equitable estoppel may prevent a party from raising the time limitation of G.S. 97-24 to bar a claim. We further conclude that the facts of this case justified the application of estoppel to prevent defendant from pleading the statutory bar. Although Ms. Brenda was not a corporate officer, it is clear that she acted as an agent of the corporation and was, in her dealings with plaintiff, the administrative representative of Weyerhaeuser. We are unaware of the existence of any requirement, as defendants appear to contend, that she had to be a corporate officer in order to act for Weyerhaeuser. *See* G.S. 55-34 (statute does not require specific officers but refers to "officers and agents"). Her assurance that she would "take care of" the paper work must be viewed in light of all the circumstances, particularly plaintiff's illiteracy, as well as the fact that a previous injury suffered by plaintiff had apparently been processed without his active involvement. Although plaintiff did see a lawyer, the lawyer was one suggested by and retained by Weyerhaeuser. Defendants' conduct fits the pattern described by Larson as being sufficient to raise an estoppel against them. By comparison, in *Weston v. Sears Roebuck & Co.*, *supra*, where we held that no estoppel could be raised, plaintiff was told only once that the employer would take care of his claim, later independently consulted an attorney, and waited nine years to file his claim. We find the facts here to be compelling and conclude that the Commission did not err in ruling that plaintiff's claim was not time-barred.

## III

Defendants raise several other assignments of error. We have reviewed them carefully and find that they are without merit. The order of the full Commission contains sufficient findings based on properly considered evidence to support its jurisdictional conclusions; any surplusage in the order does not require reversal. The order appealed from is accordingly

Affirmed.

Judges JOHNSON and PARKER concur.