I respectfully dissent from the majority opinion. The Workers' Compensation Act is to be liberally construed to effectuate the broad intent of the Act to provide compensation for employees sustaining an injury arising out of and in the course of the employment, and no technical or strained construction should be given to defeat this purpose.
The plant nurse testified at the hearing that the employee relied on her to handle all workers' compensation claims. Therefore, when plaintiff reported the injury by accident to the plant nurse, she thought that was all required of her. The plant nurse had in her possession a workers' compensation manual, but never provided workers' compensation information to the employees. The personnel manager also testified that the plant nurse . would "take care of" filing workers' compensation claims for employees. This was a company policy and all employees relied on this policy, and in the case of the plaintiff, she relied on it to her detriment.
It is also well established that "the law of estoppelapplies in worker's compensation proceedings as in all othercases", and an employer, by his conduct, may waived the time for filing a claim. Biddix v. Rex Mills237 NC 660, 75 S.E.2d 777(1953). Estoppel may be applied when intentional deception is found. Belfield v. WeyerhaeuserCo., 77 NC App. 332, 335 S.E.2d 44(1985), and may also be found under less egregious circumstances. Parker v.Thompson-Arthur Paving Co. 100 NC App. 367,296 S.E.2d 626(1990) Neither bad faith, fraud nor intent to deceive is necessary. Id. The essential elements of equitable estoppel which would estop an employer from pleading the two year time limit were set forth by the N.C. Court of Appeals inParker.
In this case, plaintiff did not have the means to understand any written material on the Workers' Compensation Act; the company provided none. She was injured on the job, verbally responded to it, and sought and obtained treatment. The company took care of all her needs in reference to her claim until after the two year statute, then they "pulled the rug out fromunder her."
Based upon the foregoing reasons, I respectfully DISSENT.
 S/ ____________ J. HAROLD DAVIS COMMISSIONER