The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Fuleihan and the briefs and oral arguments before the Full Commission. The appealing party has shown good ground to reconsider the evidence. The Full Commission reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. On or about April 28, 1990, the parties in the above-captioned matter were subject to the provisions of the North Carolina Workers' Compensation Act.
2. On or about April 28, 1990, the employer-employee relationship existed between plaintiff-employee and defendant-employer.
3. On or about April 28, 1990, the defendant-employer was a duly qualified self-insured employer pursuant to the provisions of the North Carolina Workers' Compensation Act, with Gay Taylor, Inc. acting as the servicing agent.
4. Plaintiff's average weekly wage was $220.00 and his compensation rate was $146.67 per week as reflected by a letter stipulated to and received by the North Carolina Industrial Commission on April 13, 1995.
5. The parties stipulate that a Form 18, designated as Stipulated Exhibit #2, is made a part of the record.
6. The parties stipulate that a Form 33, designated as Stipulated Exhibit #3, is made a part of the record.
7. The parties stipulate that a series of medical reports attached to the Pre-Trial Agreement is made a part of the record.
* * * * * * * * * * *
The Full Commission rejects the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. Plaintiff has been employed by defendant-employer for over eight years.
2. On April 28, 1990, as part of his job duties, plaintiff was putting up stock when he jumped off a box and slipped in loose sugar on the floor, thereby falling and twisting his knee.
3. Plaintiff immediately notified the stock manager of the injury and continued to work for the rest of his assigned shift. Within a few days of the injury, plaintiff was assisted by Steven Vaughn, a supervisor of plaintiff, in filling out a report of the injury for defendant-employer.
4. As a result of his April 28, 1990 incident, plaintiff sustained a tear of his right medial meniscus.
5. On April 29, 1990, plaintiff continued to experience pain and swelling in his right knee. Plaintiff went to the Murphy Medical Center Emergency Room, where he was treated and released.
6. Plaintiff suffered increasing pain symptoms but experienced no additional accidents or injuries to his knee. Plaintiff next sought medical treatment from his family physician, Dr. William Lanier Nicholson, on November 29, 1991.
7. Dr. Nicholson injected plaintiff's knee with a steroid-type compound, and on several subsequent visits withdrew fluid from plaintiff's knee.
8. As a result of continuing pain of his right knee, plaintiff was referred to Dr. William Judson Handley, an orthopedic surgeon, on August 17, 1992.
9. On September 4, 1992, Dr. Handley performed arthroscopic surgery on plaintiff's knee. In addition to the tear, plaintiff had degenerative arthritic changes in his knee. Defendant-employer authorized this surgical procedure.
10. As a result of his incident on April 28, 1990, and as a result of plaintiff's arthroscopic surgery, he was incapable of earning wages with defendant-employer or in any other employment for three weeks. He continued to work for defendant-employer at the time of the hearing at higher wages than he was receiving at the time of the injury.
11. As a result of plaintiff's incident on April 28, 1990, and resulting surgery, plaintiff has a fifteen percent permanent partial disability of his right knee.
12. Plaintiff filed a Form 18 on June 1, 1993, more than two years after his injury of April 28, 1990.
13. Plaintiff spoke with Kathy Thorpe, an employee of defendant in defendant's main office in Asheville, several times as Ms. Thorpe assisted plaintiff in filing forms to enable defendant's payment of some of plaintiff's medical bills. Ms. Thorpe acted as the agent of defendant-employer and was, in her dealings with plaintiff, the administrative representative of defendant-employer. On more than one occasion, Ms. Thorpe assured plaintiff that she was taking care of all necessary paperwork in connection with his workers' compensation claim.
14. Plaintiff was unsophisticated about workers' compensation law and the filing requirements pertaining to his case. Ms. Thorpe's actions and statements led plaintiff to believe his claim was compensable.
15. Although plaintiff filed the Form 18 more than two years after his injury, plaintiff reasonably relied on defendant-employer to protect his interests with regard to the workers' compensation claim arising out of the incident of April 28, 1990.
* * * * * * * * * * *
Based upon the findings of fact, The Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On April 28, 1990 plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer when he jumped off a box and slipped in loose sugar on the floor, thereby falling and twisting his knee. N.C.G.S. 97-2 (6).
2. Plaintiff reasonably relied on defendant-employer to protect his interests arising out of the injury of April 28, 1990, and defendant is thereby equitably estopped to rely on N.C.G.S.97-24 to bar plaintiff's claim. Parker v. Thompson-Arthur PavingCo., 100 N.C. App. 367, 396 S.E.2d 626 (1990); Belfield v.Weyerhaeuser Co., 77 N.C. App. 332, 335 S.E.2d 44 (1985).
3. Plaintiff is entitled to receive temporary total disability compensation at the rate of $146.67 per week for the three week period beginning September 4, 1992. N.C.G.S. 97-29.
4. Plaintiff is entitled to compensation at the rate of $146.67 per week for 30 weeks for the 15 percent permanent partial disability he sustained to his back as a result of the compensable injury by accident. N.C.G.S. 97-31 (23).
5. Plaintiff is entitled to all medical expenses incurred or to be incurred by plaintiff as a result of his compensable injury of April 28, 1990. N.C.G.S. 97-25.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendant shall pay temporary total disability compensation at the rate of $146.67 per week for the three week period beginning September 4, 1992. This amount has accrued and shall be paid in a lump sum, subject to the attorney's fee approved below.
2. Defendant shall pay compensation at the rate of $146.67 per week for 30 weeks for the 15 percent permanent partial disability he sustained to his back as a result of the compensable injury by accident. This compensation has accrued and shall be paid in a lump sum, subject to the attorney's fee approved below.
3. A reasonable attorney's fee of 25% of the amounts due plaintiff under Paragraphs 1 and 2 of this Award is approved for plaintiff's counsel and shall be deducted from the lump sum due plaintiff and paid directly to his counsel.
4. Defendant shall pay all medical expenses incurred or to be incurred by plaintiff as a result of his compensable injury of April 28, 1990, for so long as such examinations, evaluations, and treatments may reasonably be required to effect a cure, or give relief, and will tend to lessen plaintiff's period of disability.
5. Defendant shall pay the costs due this Commission.
 S/ ________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ __________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ __________________ THOMAS J. BOLCH COMMISSIONER