Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, or rehear the parties or their representatives, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the deputy commissioner with minor modifications as follows:
The Full Commission finds as fact and concludes as matters of law the following, which were agreed upon by the parties at the hearing before the deputy as:
STIPULATIONS
1. Defendant-Employer regularly employs three or more employees and is bound by the Workers' Compensation Act. The employer-employee relationship existed between defendant-employer and plaintiff on December 11, 1990, the alleged date of injury giving rise to plaintiff's claim herein.
2. The carrier on the risk at the time of the alleged injury by accident was Federated Mutual Insurance Company.
3. The Pre-Trial Agreement filed by the parties dated July 12, 1995 is incorporated herein by reference, including 88 pages of various forms, correspondence and medical records, marked as Stipulated Exhibit #1.
4. Plaintiff's average weekly wage is $311.55.
* * * * * * * * * *
The Full Commission adopts the findings of fact of the deputy commissioner with slight modifications and finds as follows:
FINDINGS OF FACT
1. At the time of the hearing, plaintiff was forty-seven (47) years old and had been employed for thirteen (13) years as store manager of defendant-employer's place of business.
2. On December 11, 1990, plaintiff suffered an injury by accident arising out of and in the course of the employment when she fell while retrieving a cash drawer from a metal locker located above her head.
3. Plaintiff sought medical treatment for back pain from St. Joseph's Urgent Care South on the same date of the injury and received treatment from this facility on two subsequent occasions.
4. Plaintiff submitted medical bills for her treatment at St. Joseph's Urgent Care to Geraldine Arrington Brown, defendant-employer's bookkeeper. Ms. Brown completed a Form 19 which was filed with the Industrial Commission on January 7, 1991.
5. Defendant-carrier paid medical bills in the amount of $235.00, and on March 15, 1991, defendant-carrier filed a Form 28B.
6. On April 26, 1991, plaintiff sought medical treatment from Dr. John C. Wander, who treated plaintiff conservatively until referring plaintiff to Dr. Larry A. Schulhof in October 1991. Dr. Schulhof performed two back surgeries on October 19 and October 27, 1991, respectively, and continued to treat plaintiff until February 1993.
7. By letter dated January 13, 1992, defendant-carrier informed plaintiff that it was their position that plaintiff was owed no further benefits as a result of her December 11, 1990 injury. Shortly thereafter, plaintiff consulted one and then another attorney to prosecute a workers compensation claim on her behalf.
8. By letter dated March 5, 1992, plaintiff's attorney notified the Industrial Commission of his representation of plaintiff.
9. On June 10, 1992, plaintiff's attorney had a telephone conversation with Barbara Craver, a claims supervisor employed by defendant-carrier. During said conversation, the parties discussed plaintiff's file and the reasons for defendant-carrier's denial of the claim. Plaintiff's attorney informed Ms. Craver that he would be filing Forms 18 and 33. On June 12, 1992, Ms. Craver sent a letter to plaintiff's attorney acknowledging his representation, enclosed materials from defendant-carrier's file, and informed plaintiff's attorney that upon receiving a Form 33, defendant-carrier would be hiring an attorney.
10. The two-year period for filing a workers compensation claim in this matter expired on December 12, 1992. Plaintiff did not file a Form 33 until November 8, 1993. There is no evidence that a Form 18 was ever filed by the plaintiff.
11. There was no evidence offered by the plaintiff at the hearing to suggest that she had been lulled into a false sense of security or otherwise detrimentally relied upon communications from the employer, the adjusting agent (s) or the Commission so as to otherwise constitute the filing of a claim, or as to bar the defendant's defense under N.C. General Statute § 97-24 that a claim was not filed within two years.
12. The letter from plaintiff's attorney to the Industrial Commission dated March 5, 1992 does not satisfy the filing requirements of N.C. General Statutes § 97-24.
13. Any claim plaintiff may have for a change of condition under N.C. Gen. Stat. § 97-47 is also barred because no claim was filed within one year after the last payment of medical benefits. Plaintiff's first claim was filed more than two and one half years after the last payment of medical benefits.
* * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes as follows
CONCLUSIONS OF LAW
1. The requirement to file a claim in accordance with the provisions of N.C. General Statute § 97-24 constitutes a condition precedent to plaintiff's right to compensation.Belfield v. Weyerhauser Co., 77 N.C. App. 332,335 S.E.2d 44 (1985). The effect of plaintiff's failure to file a timely claim is to deprive the Industrial Commission of jurisdiction. Reinhart v. Women's Pavillion, Inc., 102 N.C. App. 83,401 S.E.2d 138 (1991).
2. There is no evidence that would establish an estoppel by which the Commission would be barred from applying the provisions of N.C. General Statute § 97-24. Neither is there evidence that the defendants should be estopped from raising the limitations of N.C. General Statutes § 97-24.
3. Since plaintiff's claim was not filed within two years of the date of injury, her claim is barred pursuant to N.C. General Statutes § 97-24.
4. Since plaintiff's last payment of compensation for a medical only claim was received on March 15, 1991, and the Form 33 which constitutes filing a claim in this case was filed on November 11, 1993, plaintiff did not timely file her claim for a change of condition pursuant to N.C. General Statutes § 97-47.
* * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
ORDER
1. Plaintiff's claim is and under the law must be DENIED based on lack of jurisdiction.
2. Since the Commission lacks jurisdiction in this matter, other issues raised at the hearing are hereby rendered moot and will not be addressed in this decision.
3. Each side shall pay its own costs.
IT IS FURTHER ORDERED that plaintiff's Motion to take further evidence is DENIED; and this case is hereby REMOVED from the Asheville docket.
 S/ ________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ ________________ LAURA K. MAVRETIC COMMISSIONER
S/ ________________ J. RANDOLPH WARD COMMISSIONER
BSB:be