***********
This matter was reviewed by the Full Commission based upon the record of the proceedings before Deputy Commissioner Stephenson, along with the briefs and arguments on appeal. The appealing party has shown good ground to receive further evidence and to amend the prior Opinion and Award. Accordingly, the Full Commission REVERSES the Deputy Commissioner's holding and enters the following Opinion and Award REMANDING the matter to a Deputy Commissioner for further action.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties at the hearing on 27 June 2001 as:
 *********** STIPULATIONS
1. On 9 February 1999, all parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. On 9 February 1999, an employment relationship existed between the plaintiff-employee and the defendant-employer.
3. On 9 February 1999, Safeco Insurance Company was the carrier at risk.
4. The plaintiff's average weekly wage has not been determined.
5. Judicial Notice is taken of the Industrial Commission Forms 19, 61 and both 33's (one which was filed at the Commission 4 February 2000 and the other 1 February 2001, both by the defendants).
6. The issues to be determined by this hearing are as follows:
 1.) Whether the defendants are entitled to credit restitution of $2,334.00, the sum advanced to the plaintiff as part of the negotiated settlement of claims;
 2.) Is the plaintiff's claim for workers' compensation benefits for the alleged injury of 9 February 1999 barred by N.C.G.S. § 97-24; and
 3.) Did the plaintiff engage in fraudulent conduct in violation of N.C.G.S. § 97-88 by inducing the defendants to advance the sum of $2,334.00, not executing the Settlement Agreement and refusing to return the advanced sum?
 ***********
Based upon the evidence of record, the Full Commission enters the following:
 FINDINGS OF FACT
1. On 9 February 1999 the plaintiff was employed by the defendant-employer as a car salesman. On that date, the plaintiff was accompanying a prospective customer on a test drive when the vehicle in which he was a passenger was involved in a collision. The plaintiff hit his head on the dashboard as a result.
2. On 10 February 1999, the plaintiff felt sore due to his injuries and asked his employer for permission to obtain medical care. Defendant-employer refused this request, telling the plaintiff he had not sustained a compensable injury.
3. On 19 February 1999, the plaintiff retained legal counsel and learned he could seek medical treatment for his injuries at a local hospital, which the plaintiff did that same day.
4. The plaintiff sought treatment at the Presbyterian Hospital emergency room and was written out of work for 2 days. The plaintiff was also given a note with instructions to make additional appointments for his back and head problems.
5. The plaintiff showed his supervisor this note. The plaintiff's supervisor threw the note in the trash, told the plaintiff he could not attend the medical appointments, and further informed the plaintiff that he would "not get no workman's comp" (sic). The plaintiff was intimidated and did not seek follow-up medical care at that time. The plaintiff was told repeatedly that he would be fired if he filed a workers' compensation case.
6. The plaintiff continued to work at this regular position until 19 June 1999, at which time he was terminated by his employer when the plaintiff needed time off to go to the doctor for treatment related to his work-related injury.
7. On 21 June 1999, the plaintiff formally reported the accident to Sandy Marsh, the defendant's workers' compensation administrator. The plaintiff filled out a Form 18 at this time, and Ms. Marsh promised to transmit this form to the Industrial Commission, but no Form 18 was filed with the Commission.
On 1 July 1999, the defendants denied the plaintiff's claim with a Form 61.
In the fall of 1999, the plaintiff discharged his attorney. Subsequently, the plaintiff entered into settlement negotiations with the defendants. On 20 October 1999, the defendant-carrier tendered a verbal offer to the plaintiff for $2,500.00, plus outstanding medical bills. The plaintiff understood this to be a partial settlement arrangement and verbally assented. The defendants thereafter sent checks for $600.00, $334.60, and $1,400.00 to the plaintiff in December 1999. These sums total $2,334.20.
After these checks were received, the plaintiff received a written "Final Compromise Settlement Agreement" from the defendants. The terms in this document were not the ones he agreed to verbally and the plaintiff did not sign this document.
11. The plaintiff was unsophisticated about workers' compensation law and the filing requirements pertaining to his case. Although the plaintiff did not file a Form 18 within 2 years of his injury by accident, the plaintiff reasonably relied on the defendants-employer's promise to send the Form 18. The plaintiff filled out the Form 18 in the presence of the representative of the defendant-employer and gave custody of this form to defendant-employer for filing.
12. The plaintiff did not make a false statement or misrepresentation of a material fact for the purpose of obtaining a benefit.
 ***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. The plaintiff reasonably relied on the defendant-employer to protect his interests arising out of the incident on 9 February 1999, in that the defendant-employer promised to submit the Form 18 to the Industrial Commission. The defendants are thereby equitably estopped to rely on N.C.G.S. § 97-24 to bar the plaintiff's claim. Parker v.Thompson-Arthur Paving Co., 100 N.C. App. 367, 396 S.E.2d 626 (1990);Belfield v. Weyerhaeuser Co., 77 N.C. App. 332, 335 S.E.2d 44 (1985).
2. The plaintiff did not engage in fraudulent conduct in violation of N.C.G.S. § 97-88.2.
The defendants are entitled to a credit for monies paid the plaintiff in the amount of $2,334.20 to be taken out of any potential future proceeds owed the plaintiff.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
 ORDER
This case is hereby REMANDED to a Deputy Commissioner for a full evidentiary hearing regarding the compensability of the 9 February 1999 incident and related disability, if any.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/______________ RENE C. RIGGSBEE COMMISSIONER