I believe the majority erred in failing to find that defendants were estopped from asserting the two-year time limit for an employee to notify defendant of a claim pursuant to N.C. Gen. Stat. § 97-24. In my view, the evidence of record shows that plaintiff relied upon the actions of defendants in regard to his workers' compensation claim to his detriment.
Equitable estoppel may prevent a party from raising the time limitation of N.C. Gen. Stat. § 97-24 to bar a claim. Belfield v. Weyerhaeuser Co.,77 N.C. App. 332, 337, 335 S.E.2d 44, 47 (1985); see also Parker v.Thompson-Arthur Paving Co., 100 N.C. App. 367, 396 S.E.2d 626 (1990). And in Belfield, the Court stated:
 The legislature has expressed a preference for summary and simple procedure before the [Industrial] Commission. Furthermore, the legislature has avoided absolute notice requirements, instead allowing employees to assert claims even upon total failure to notify the employer as otherwise required by statute. The Supreme Court has recognized that procedure before the Industrial Commission need not conform strictly to that followed in the courts. We believe a rigorous application of the two year limitation of N.C. Gen. Stat. § 97-24 would be inconsistent with this otherwise informal procedure.
Belfield at 336, 47 (internal citations omitted).
In the present case, the evidence of record supports the application of equitable estoppel. Plaintiff timely reported the work-related injury to defendants, and was paid benefits pursuant to a Form 19 filed by defendants. Thereafter, Joseph Price, the managerial employee responsible for defendant-employer's workers' compensation issues, was aware of plaintiff's continuing complaints of shoulder pain and his need for accommodations at work. During this time, defendants never informed plaintiff that he had any further duties, including the filing of a Form 18, to preserve his workers' compensation claim. Through defendants actions, plaintiff was lead to believe that his workers' compensation claim was still active. It was not until plaintiff was denied additional medical treatment that he learned his opportunity to seek additional benefits in relation to his claim had expired pursuant to N.C. Gen. Stat. § 97-24.
Given the evidence of record in this case, I feel the majority erred in failing to find that defendants were estopped from asserting the two-year time limit for an employee to notify defendant of a claim pursuant to N.C. Gen. Stat. § 97-24, when plaintiff reasonably relied upon the actions of defendants in regard to his workers' compensation claim to his detriment. For these reasons, I respectfully dissent.
This 14th day of February 2005.
 S/_____________ THOMAS J. BOLCH COMMISSIONER