***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Baddour and the briefs and arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives. The Full Commission modifies and affirms the Opinion and Award of Deputy Commissioner Baddour.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act. *Page 2 
2. Travelers was the carrier on the risk for defendant Carl Chavis d/b/a CJ Chavis Trucking (hereafter "defendant-employer") on the date of alleged injury.
3. There is no question as to joinder or non-joinder of the parties.
4. Plaintiff alleges to have sustained a compensable injury on October 14, 2006, in which he sustained an amputated right ring finger and broken right thumb while working for defendant-employer at 3023 Howard Road in Raleigh.
5. Plaintiff filed a Form 18 Notice to Employer with the Industrial Commission on March 5, 2009.
6. Plaintiff was paid in cash and worked eight hours each of two Saturdays prior to the date of injury (a Saturday) for defendant-employer splitting wood at the 3023 Howard Road, Raleigh, address.
7. Defendant-employer owns a truck hauling business.
8. Plaintiff has not returned to any employment since October 14, 2006.
 *********** EXHIBITS
The following exhibits were admitted into evidence:
 (a) Stipulated Exhibit 1: Pre-Trial Agreement
 (b) Stipulated Exhibit 2: Indexed Set of Paginated Exhibits
 (c) Plaintiff's Exhibit 1: Medical Note from Raleigh Orthopaedic
 *********** ISSUES (a) Whether plaintiff's claim is barred by the two-year time limitation in N.C. Gen. Stat. § 97-24; *Page 3 
 (b) Whether plaintiff's cutting wood for Carl Chavis on several Saturdays constitutes employment by Carl Chavis d/b/a CJ Chavis Trucking such that plaintiff is covered by the workers' compensation insurance policy issued by Travelers;
 (c) Whether plaintiff is excluded from coverage under the policy issued by Travelers based upon the casual nature of his employment; and
 (d) If plaintiff's claim is compensable, to what benefits, if any, is plaintiff entitled.
 ***********
Based upon the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. On October 14, 2006, plaintiff sustained a right index finger amputation injury while splitting logs. He was treated by Dr. Harrison Tuttle who diagnosed plaintiff with a right index finger wound with bone exposed and a right thumb proximal phalanx fracture with tendons intact and appropriate blood flow to the thumb.
2. Plaintiff underwent surgery by Dr. Tuttle on October 24, 2006 to close the wounds, cover the bone, and to try to make the hand as functional and cosmetically acceptable as possible. In May of 2007, Dr. Tuttle referred plaintiff to Anesthesia Pain Group at Rex Hospital for pain management.
3. Plaintiff alleges that he was injured on October 14, 2006 while working for Carl Chavis d/b/a CJ Chavis Trucking. Carl Chavis operated his trucking business during the time period of plaintiff's injury. Also during this time period, Mr. Chavis operated a log splitting business. *Page 4 
4. Defendant Travelers issued a workers' compensation policy to defendant Carl Chavis d/b/a CJ Chavis Trucking effective for the time period of plaintiff's injury. Mr. Chavis' log splitting business is not listed as an insured on this policy. The policy covers only employees of the trucking business.
5. Plaintiff worked for Mr. Chavis for two Saturdays prior to the Saturday of his injury. Plaintiff's employment with Mr. Chavis' log splitting business was irregular, sporadic, and unpredictable, as Mr. Chavis did not know at the beginning of the week whether he was going to need a person to help him split logs the following Saturday. Plaintiff was paid in cash for his work on Saturdays. Plaintiff worked for Mr. Chavis' log splitting business only and did not perform any duties for the trucking business of Mr. Chavis.
6. Plaintiff did not file a Form 18 Notice to Employer
until March 5, 2009, in which he stated that his right hand was crushed in a wood splitter. Defendants filed a Form 61 on April 3, 2009 denying plaintiff's claim on the basis that the two-year period for filing plaintiff's claim had expired and that the workers' compensation policy did not cover the type of work performed by plaintiff.
7. On June 22, 2009, defendants filed a motion to dismiss plaintiff's claim for lack of jurisdiction pursuant to N.C. Gen. Stat. § 97-24. Plaintiff filed a response in opposition to the motion on June 24, 2009. The Executive Secretary by Order dated July 27, 2009, denied defendants' motion to dismiss. Subsequently, defendants brought this action before Deputy Commissioner Baddour.
8. Although plaintiff does not dispute that his claim was not filed with the Commission within two years of the accident, he alleges that defendants are estopped from pleading the two-year limitation as a defense. Plaintiff admitted at the Deputy Commissioner's *Page 5 
hearing that he did not ask Mr. Chavis whether Mr. Chavis had workers' compensation coverage or whether plaintiff should file a workers' compensation claim. Further, plaintiff admitted that Mr. Chavis never gave him advice concerning how long plaintiff had to file a claim and that Mr. Chavis did not discourage him from filing a workers' compensation claim.
9. Plaintiff's uncle suggested that plaintiff file a claim for his injury against Mr. Chavis' homeowners' insurance carrier, which was Nationwide Insurance. After plaintiff made this suggestion to Mr. Chavis, Mr. Chavis believed his homeowners' insurance might cover plaintiff's injury. Mr. Chavis testified that he did not believe his workers' compensation coverage would apply to plaintiff's injury and that he did not even think about the coverage.
10. Plaintiff retained his attorney days after the accident and subsequently filed a claim in Wake County Superior Court against Mr. Chavis and Otis King who operated the saw. Plaintiff argues that Mr. Chavis failed to disclose the existence of the workers' compensation coverage during the civil discovery process. However, despite any knowledge of the existence of any workers' compensation insurance coverage, plaintiff should have preserved his workers' compensation claim by filing a claim with the Industrial Commission against Mr. Chavis d/b/a CJ Chavis Trucking as an uninsured employer, but failed to do so within two years of the accident.
11. The Full Commission finds by the greater weight of the evidence that defendants are not equitably estopped from relying on N.C. Gen. Stat. § 97-24 as a bar to plaintiff's recovery.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following: *Page 6 
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 97-24 provides that an employee's right to compensation shall forever be barred unless a claim is filed with the Commission within two years after the alleged date of injury or the last payment of medical compensation. Id. In the case at hand, plaintiff alleges an injury by accident on October 14, 2006 and did not file his claim until March 3, 2009, which was not within the two-year time limitation. The failure to timely file is a jurisdictional bar for the Industrial Commission. Reinhardt v. Women's Pavilion,Inc., 102 N.C. App. 83, 401 S.E.2d 138 (1991).
2. Equitable estoppel may be used to prevent a party from raising the time limitation of N.C. Gen. Stat. § 97-24. Benfield v.Weyerhaeuser Co., 77 N.C. App. 332, 335 S.E.2d 44 (1985). A party is not permitted to argue a time limitations defense when the delay for filing was induced by misrepresentations or inducements on the part of the party now trying to raise the time limitation defense.Id.
3. The essential elements of estoppel are "(1) conduct on the part of the party sought to be estopped which amounts to a false representation or concealment of material facts; (2) the intention that such conduct will be acted on by the other party; and (3) knowledge, actual or constructive, of the real facts."Gore v. Myrtle/Mueller,362 N.C. 27, 39, 653 S.E.2d 400, 408 (2007). The plaintiff must show that he "(1) lack[ed] the knowledge and the means of knowledge as to the real facts in question; and (2) . . . relied on the conduct of the party sought to be estopped to his prejudice."Id. at 39, 653 S.E.2d at 408.
4. In this case plaintiff has not shown that defendants made any affirmative assurances, misrepresentations or inducements to plaintiff regarding his workers' compensation claim that he relied upon and which caused the delay in filing his claim. Further, plaintiff has *Page 7 
not shown that he relied on any statements or representations made by defendants regarding his workers' compensation claim. To the contrary, plaintiff sought his own legal counsel to help him with his workers' compensation claim, further proof that plaintiff did not rely on any statements defendants made regarding plaintiff's workers' compensation claim. The alleged failure by defendants to disclose in discovery possible workers' compensation coverage does not rise to the level of equitable estoppel because plaintiff could have and should have preserved his right to file a workers' compensation claim by filing within two years of his injury a claim against Mr. Chavis d/b/a CJ Chavis Trucking as an uninsured employer.
5. The Industrial Commission lacks jurisdiction to hear this claim because plaintiff did not file his claim within the applicable time limit prescribed by N.C. Gen. Stat. § 97-24 and therefore plaintiff's claim must be dismissed.
6. Because plaintiff's claim must be dismissed based upon the above Conclusions of Law, it is not necessary to address the other issues raised by plaintiff in this appeal.
 ***********
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim for compensation under the North Carolina Workers' Compensation Act is barred by N.C. Gen. Stat. § 97-24. Therefore, plaintiff's claim must be, and the same is hereby, DENIED, based upon lack of jurisdiction.
2. Each side shall bear its own costs.
This 18th day of October, 2010. *Page 8 
 S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/___________________ LINDA CHEATHAM COMMISSIONER
 S/___________________ CHRISTOPHER SCOTT CHAIR *Page 1